IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Appellee, | ) ) ) |
| v. | ) No. 22-4601 ) |
| ASHLEY NICHOLE KOLHOFF, | ) ) ) |
| Defendant-Appellant. | ) |

**Government's Opposition to Motion to Consolidate**

After filing her opening brief, defendant Ashley Kolhoff now moves the Court to consolidate this appeal with *United States v. Clawson*, No. 22-4141 (L), 22-4172.  Because *Clawson* has been fully briefed and is scheduled for oral argument on March 10, 2023, and the government has not yet filed its response brief in this case, the government opposes the request to consolidate.  The Court should decide *Clawson* without further delay.  To the extent that Kolhoff believes *Clawson* may resolve the issue presented in this appeal, the government defers to the Court on whether to place this appeal in abeyance pending the decision in *Clawson*.

**Factual Background**

***United States v. Clawson*, No. 22-4141 (L), 22-4172**: In October 2009, defendant James Clawson pleaded guilty to a single-count criminal information

charging him with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). JA2. Following litigation before this Court in *United States v. Clawson*, 650 F.3d 530 (4th Cir. 2011), the district court sentenced Clawson to 48 months' imprisonment, to be followed by 15 years' supervised release. JA8. In June 2015, Clawson was released from the Bureau of Prisons and began serving his term of supervised release. JA34. During a home visit in July 2019, Clawson's probation officer found a laptop and thumb drives, JA580–581, which were later revealed to contain child pornography, JA676–677. Accordingly, his probation officer petitioned for revocation of Clawson's supervised release based on, among other violations, his possession of child pornography. JA38–39. In May 2020, a grand jury returned an indictment charging Clawson with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). JA43.

In August 2021, Clawson proceeded to a jury trial, JA439, and the jury found him guilty of the single count in the indictment, JA1041. Based on this conviction, the district court also found by a preponderance of the evidence that Clawson had violated the conditions of his supervised release. JA1120. The court sentenced Clawson to 120 months' imprisonment for the possession conviction and 10 months' imprisonment for the supervised-release violation, to run consecutively. JA1123. On February 22, 2022, Clawson filed timely notices of appeal of both judgments. JA1133 (revocation of supervised release); JA1134

2

(conviction for possession of child pornography). The Court granted Clawson's motion to consolidate his appeal from the order revoking his supervised release and his appeal from the new conviction and sentence for possession of child pornography. No. 22-4141, ECF No. 6.

*United States v. Kolhoff*, **No. 22-4601**: In September 2020, defendant Ashley Kolhoff joined a website called Rapey, where she shared sexually explicit images of a minor with other users. JA51, JA57–58, JA63–64, JA66–70, JA72, JA74–77. Her offense conduct did not involve Clawson. In July 2021, a grand jury returned an indictment charging Kolhoff with one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). JA17–18. In March 2022, Kolhoff proceeded to a bench trial, and the district court found her guilty of both counts. JA339. The court sentenced Kolhoff to a total of 15 years' imprisonment. JA372. Kolhoff filed a timely notice of appeal on July 20, 2022. JA381.

## Procedural History

In June 2022, Clawson filed his opening brief. No. 22-4141, ECF No. 18. He raised three issues for review: (1) whether the district court properly instructed the jury on the definition of a "lascivious exhibition" under 18 U.S.C. § 2256(2)(A)(v); (2) whether the evidence at trial or the verdict form

3

constructively amended the indictment; and (3) whether the district court's imposition of consecutive sentences for the possession conviction and the supervised-release violation was substantively reasonable. The government filed its response brief in July 2022, and Clawson filed his reply brief in August 2022. No. 22-4141, ECF Nos. 27, 28.

On October 24, 2022, the Court docketed Kolhoff's appeal, and on November 3, 2022, counsel for Kolhoff filed a docketing statement. No. 22-4601, ECF Nos. 1, 5-1. In the field for "[i]dentification of any case pending in this Court or Supreme Court raising similar issue," counsel wrote "none." No. 22-4601, ECF No. 5-1, at 2.

On November 14, 2022, the Court tentatively calendared *Clawson* for oral argument during the January 24–27, 2023 sitting. No. 22-4141, ECF No. 30. The Court ordered that "[a]ny motions that would affect the scheduling of argument . . . must be filed by 11/21/2022, or counsel must show that relief could not have been requested by that date." *Id.* at 1. Further, the Court directed that "[a]ny conflicts that would affect the scheduling of argument . . . must be identified . . . by 11/21/2022." *Id.* On November 15, 2022, counsel for Clawson timely filed a notice of conflict with the proposed argument dates based on a scheduled surgery. No. 22-4141, ECF No. 32. Accordingly, the Court continued the case from the argument calendar. No. 22-4141, ECF No. 38.

4

On January 9, 2023, the Court tentatively calendared *Clawson* for oral argument during the March 7–10, 2023 sitting.  No. 22-4141, ECF No. 39.  Again, the Court ordered that "[a]ny motions that would affect the scheduling of argument . . . must be filed by 01/17/2023, or counsel must show that relief could not have been requested by that date."  *Id.* at 1.  Further, the Court directed that "[a]ny conflicts that would affect the scheduling of argument . . . must be identified . . . by 01/17/2023."  *Id.*  Counsel for Clawson filed no such motion or conflict notice.

On January 26, 2023, Kolhoff filed her opening brief.  No. 22-4601, ECF No. 15.  The sole issue on appeal is whether the images supporting her convictions for production and distribution of child pornography constitute "lascivious exhibition[s]" under 18 U.S.C. § 2256(2)(A)(v).  The government's response brief is currently due on March 9, 2023.

On February 1, 2023, the Court scheduled *Clawson* for oral argument on March 10, 2023.  No. 22-4141, ECF No. 40.

On February 2, 2023, Kolhoff's counsel informed the government that he would move this Court to consolidate the *Clawson* and *Kolhoff* appeals.  Clawson's counsel indicated her agreement.  The government proposed instead to ask this Court to place *Kolhoff* in abeyance pending the decision in *Clawson*.  Defense counsel disagreed with the government's position.

5

On February 3, 2023, Kolhoff filed the instant motion to consolidate her appeal with *Clawson*. No. 22-4601, ECF No. 23. On the same day, Clawson moved to hold his appeal in abeyance and consolidate his appeal with *Kolhoff*. No. 22-4141, ECF No. 42.[1]

## Analysis

The Court should deny the motion to consolidate. The government defers to the Court on whether to place this appeal in abeyance pending its decision in *Clawson*.

**I.    The Court should decline to consolidate the *Clawson* and *Kolhoff* appeals at this late stage.**

The Court may consolidate appeals for decision in the exercise of its discretion. Fed. R. App. P. 3(b)(2); *see, e.g.*, *United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978) (stating that "[c]onsolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice"). But *Clawson* and *Kolhoff* are not at the same stage of appellate review, counsel has not demonstrated good cause to remove *Clawson* from the argument calendar, and the Court should resolve Clawson's challenges to his conviction without further delay. The public, the

---

[1] The government is filing substantially similar responses in opposition to Clawson and Kolhoff's motions.

Court, and the government have an interest in promptly resolving Clawson's appeal. Therefore, the Court should deny the motion to consolidate.

First, consolidation is inappropriate given how far apart *Clawson* and *Kolhoff* are in the review timeline. Federal and local rules establish that consolidation should occur early in the docketing process. Federal Rule of Appellate Procedure 3(b)(2) provides that "[w]hen the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Similarly, Local Rule 28(a) provides that "[r]elated appeals or petitions for review will be consolidated in the Office of the Clerk, with notice to all parties, at the time a briefing schedule is established." The local rules also contemplate that the parties on the same side of a consolidated appeal will file a single brief. Local Rule 28(a) instructs that "[o]ne brief shall be permitted per side . . . in all cases consolidated by Court order, unless leave to the contrary is granted upon good cause shown." Further, Local Rule 28(d) provides that "[m]otions to file separate briefs are not favored by the Court and are granted only upon a particularized showing of good cause."

*Clawson* has been fully briefed since August 2022 and is scheduled for oral argument on March 10, 2023. By contrast, Kolhoff just filed her opening brief on January 26, 2023, and the government's response brief is not due until March 9, 2023. Although *Clawson* was fully briefed three months before Kolhoff filed her

7

docketing statement on November 3, 2022, counsel did not identify in that statement "any case pending in this Court or Supreme Court raising similar issue." No. 22-4601, ECF No. 5-1, at 2. Moreover, Clawson and Kolhoff have already filed separate briefs, contrary to the procedure contemplated by Local Rule 28. It would not conserve the Court's resources or promote efficiency to remove *Clawson* from the argument calendar and consolidate it with *Kolhoff* at this late stage.

Second, counsel has not established good cause for this belated request to consolidate the appeals and remove *Clawson* from the argument calendar. This Court's rules provide that

> Preparation for the argument calendar begins in the Clerk's Office at least two months prior to argument. Upon receiving notice that a case has been tentatively assigned to an argument session, counsel must inform the clerk, within the time provided in the notice, of any conflict or other matter that would affect scheduling of the case for that session. After a case has been scheduled for argument, any motion that would affect the argument date must show good cause for the requested relief and that the relief could not have been requested within the period set by the Court for notice of conflicts.

Loc. R. 34(c).

Clawson's counsel had two opportunities to inform the Court of any conflict or file any motion that would affect the argument date but did not do so until after the Court scheduled the case for argument. Specifically, on November 14, 2022, the Court tentatively calendared *Clawson* for oral argument during the January 24–

8

27, 2023 sitting. No. 22-4141, ECF No. 30. The Court ordered the parties to file any motions or identify any conflicts that would affect the scheduling of argument by November 21, 2022. *Id.* at 1. Counsel complied with that directive on November 15, 2022 by filing a notice of conflict with the proposed argument dates based on a scheduled surgery. No. 22-4141, ECF No. 32. But Clawson's counsel did not identify the *Kolhoff* appeal, which had been docketed on October 24, 2022. Likewise, after continuing the case from the January argument calendar, on January 9, 2023, the Court tentatively calendared *Clawson* for oral argument during the March 7–10, 2023 sitting. No. 22-4141, ECF No. 39. Again, the Court ordered the parties to file any motions or identify any conflicts that would affect the scheduling of argument by January 17, 2023. *Id.* at 1. Counsel for Clawson filed no such motion or conflict notice, and on February 1, 2023, the Court scheduled *Clawson* for oral argument on March 10, 2023. No. 22-4141, ECF No. 40. Clawson and Kolhoff moved to consolidate their appeals two days later.

Clawson represents that "Kolhoff's case was not known to defense counsel at the time the docketing statement was filed in this case." No. 22-4141, ECF No. 42, at 3. Clawson's counsel has not indicated whether she was aware of Kolhoff's appeal when the Court tentatively calendared *Clawson* for oral argument in November 2022 or in January 2023. In any event, counsel has not demonstrated "good cause" for the Court to consolidate the appeals and hold *Clawson* in

9

abeyance after already having scheduled *Clawson* for oral argument. Loc. R. 34(c).

Although Clawson and Kolhoff both ask the Court to apply the definition of "lascivious exhibition" set forth in *United States v. Hillie*, 39 F.4th 674, 685 (D.C. Cir. 2022), that is the only similarity between the two appeals. Clawson appeals from a jury trial, and the government maintains that Clawson either invited the alleged error in the jury instructions or forfeited the present challenge by failing to raise it before or during trial. No. 22-4141, ECF No. 27, at 21–26. Kolhoff, by contrast, appeals from a bench trial, where she properly preserved her challenge to the definition of "lascivious exhibition" under 18 U.S.C. § 2256(2)(A)(v). And whereas Kolhoff raises only this issue on appeal, Clawson also challenges an alleged constructive amendment of the indictment and the imposition of a consecutive sentence for violating the conditions of his supervised release. The two cases do not share a record, and consolidation will not limit the material this Court must review.

Clawson asserts that the Court's resolution of the meaning of "lascivious exhibition" under 18 U.S.C. § 2256(2)(A)(v) "will benefit from the Court's joint consideration of the full range of Appellants' legal arguments and the factual contexts in which Appellants' constitutional and statutory challenges are made." No. 22-4141, ECF No. 42, at 3. Similarly, Kolhoff contends that "by consolidating

10

Ms. Kolhoff's appeal with Mr. Clawson's, the Court will be in a much better position to squarely decide the heart of the issue in the first instance, with the benefit of the fuller context of the question's Constitutional dimensions." No. 22-4601, ECF No. 23, at 2. Of course, "[t]he meaning of the statute is a legal question," *United States v. Mitchell*, 518 F.3d 230, 233 (4th Cir. 2008), and the factual context in which the challenge arose is irrelevant to the Court's interpretation of § 2256(2)(A)(v). Moreover, to the extent that *Clawson* does not resolve the issue presented in *Kolhoff* or the Court determines that *Kolhoff* adds a dimension not presented in *Clawson*, the Court can always schedule oral argument in *Kolhoff* after the briefing is completed. Ultimately, counsel has not identified any reason why the Court cannot hear argument in *Clawson* on March 10, 2023. Therefore, the Court should deny this untimely request to consolidate.

Third, the prompt administration of justice weighs against consolidation. Both the federal and local rules of appellate procedure encourage the timely resolution of criminal appeals. *See, e.g.*, Fed. R. App. P. 45(b)(2) ("In placing cases on the calendar for argument, the clerk must give preference to appeals in criminal cases and to other proceedings and appeals entitled to preference by law."); Loc. R. 31(a) (shortening the time for filing briefs in criminal appeals). Counsel represents that Clawson, who is serving a mandatory-minimum sentence of 120 months' imprisonment for his conviction for possession of child

11

pornography, "will not be prejudiced by the delay." No. 22-4141, ECF No. 42, at 3. But given that Clawson raises two challenges to the *validity* of his conviction, the Court should not further delay the resolution of his appeal.[2]

## II. The Court may decide in its discretion whether to place *Kolhoff* in abeyance pending its decision in *Clawson*.

The Court's local rules permit abeyance to promote the efficient resolution of appeals presenting similar issues. Local Rule 12(d) provides that "[i]n the interest of docket control the Court may, either on its own motion or upon request, place a case in abeyance pending disposition of matters before this Court or other courts which may affect the ultimate resolution of an appeal." In *Clawson*, the Court will decide, among other issues, whether the jury was properly instructed on the definition of "lascivious exhibition" under 18 U.S.C. § 2256(2)(A)(v). In *Kolhoff*, the Court will decide whether the images supporting the defendant's convictions for production and distribution of child pornography constitute "lascivious exhibition[s]" under § 2256(2)(A)(v). If the Court reaches the merits

---

[2] Both Clawson and Kolhoff contend that the involvement of the same government attorneys in both appeals supports the requests to consolidate. No. 22-4141, ECF No. 42, at 3; No. 22-4601, ECF No. 23, at 2, 3. To be sure, consolidation may be appropriate where, for example, there are multiple appeals arising from a single trial of codefendants. Under those circumstances, the appeals may involve the same issues, the same counsel, and the same record. But given the number of criminal appeals filed in the Eastern District of Virginia, the involvement of the same government attorneys in two appeals arising out of unrelated proceedings is not a sound basis for consolidation here.

of Clawson's claim of instructional error, then its resolution of *Clawson* "may affect the ultimate resolution" of *Kolhoff*. Loc. R. 12(d). For that reason, the Court could place *Kolhoff* in abeyance pending its decision in *Clawson*.

But the government opposes defendant Clawson's request to hold his appeal in abeyance pending *Kolhoff*. Local Rule 12(d) provides that "[d]uring the period of time a case is held in abeyance the appeal remains on the docket but nothing is done to advance the case to maturity and resolution." Given that *Clawson* has been fully briefed since August 2022 and is scheduled for oral argument on March 10, 2023, it would be inappropriate to hold the appeal in abeyance and thereby delay its resolution pending *Kolhoff*, where the briefing is not yet completed.

## Conclusion

The Court should deny Kolhoff's motion to consolidate. The government defers to the Court on whether to place this appeal in abeyance pending its decision in *Clawson*.

                              Respectfully submitted,

                              Jessica D. Aber
                              United States Attorney

By:            /s/_____

                              Jacqueline R. Bechara
                              Seth M. Schlessinger
                              Assistant United States Attorneys
                              Eastern District of Virginia
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              (703) 299-3700

## Certificate of Compliance

I certify that this motion response was written using 14-point Times New Roman typeface and Microsoft Word 2016. I further certify that this brief does not exceed 5,200 words, as required by Federal Rule of Appellate Procedure 27(d)(2)(A), and is specifically 2,956 words. I understand that a material misrepresentation can result in the Court's striking the response and imposing sanctions.

By:         /s/
        Jacqueline R. Bechara
        Assistant United States Attorney